79 F.3d 1163
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William A. OGDEN, Petitioner,
v.
DEPARTMENT OF COMMERCE, Respondent.
 No. 95-3412.
 United States Court of Appeals, Federal Circuit.
 Jan. 24, 1996.
 
 Before NEWMAN, PLAGER, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 William A. Ogden petitions for review of the decision of the Merit Systems Protection Board (Board) affirming Ogden's removal from his GM-15 position in the Department of Commerce (Department or agency) as a result of a Reduction-in-Force (RIF) which eliminated his position. Because substantial evidence supports the agency's assertion that Ogden's removal resulted from a valid RIF, and Ogden has failed to sustain his contention that the RIF and the elimination of his job position were but a pretext for removing him, we affirm.
 
 
 2
 * Ogden was employed as an attorney-examiner, GM-15, in a job that called on him to perform the functions of an Administrative Law Judge (AJ) in cases that did not by law require adjudication of the case by an actual AJ. Although such a job description may seem strange at first glance, certain statutes administered by the Department permit nonjudges to preside at administrative hearings and conduct the business of adjudication. Initially, there was but one AJ in the Department, one Judge Dolan. Ogden was his assistant, and the two meshed well for a while. A management problem arose when Judge Dolan took the position that he could not adjudicate certain kinds of cases. In part to provide certainty as to which judges would hear which kind of cases, the Department decided to split the AJ work into two sections. Formal adjudications relating to the resources of the oceans and atmosphere were assigned to the National Oceanic and Atmospheric Administration (NOAA), and adjudications relating to commerce and trade were assigned to the Office of the Assistant Secretary for Administration. Judge Dolan was assigned to the NOAA section, and a new AJ was tasked to the other section. Ogden's position was transferred to the NOAA section.
 
 
 3
 While the procedural requirements for the new setup were being perfected, the relations between Judge Dolan and Ogden apparently soured, and Judge Dolan initiated the steps to remove Ogden for cause. Such a removal was not effected, however, because of faulty paperwork. Rather, upon a determination that neither of the AJ sections warranted a GM-15 position, but warranted lower positions with lesser job descriptions--essentially judges' helpers as opposed to judges--Ogden's GM-15 position was eliminated as part of the RIF. Ogden was given due notice of his eligibility for optional (voluntary) retirement. On the effective date of the RIF, Ogden retired. In his first appeal to the Board, Ogden overcame the jurisdictional hurdle inherent in a voluntary retirement by demonstrating that his retirement was compelled by the circumstances and therefore involuntary. Ogden thus was able to assure his challenge to the RIF on the merits, the subject to which we now turn.
 
 II
 
 4
 First, we note the matters that Ogden does not challenge. He does not assert that the Department failed to follow the requisite procedural steps in effecting the reorganization of the AJ functions into the two sections. He also does not complain of the assignment of his position to the NOAA section. Nor does he argue that he was deprived of any procedural rights. Ogden also does not challenge the substantial evidence in the record supporting the fact that once the AJ work was divided into two sections, there was no need in either section for the exercise of the skills called for in the description of the GM-15 position.
 
 
 5
 Instead, Ogden stands on a legal argument. According to Ogden, the reorganization which supplied the reason for the RIF was a legal sham because the agency reorganized the AJ function to solve a personnel problem created by Judge Dolan's alleged inability to get along with his superiors. Ogden cites no legal support for this argument, and we see no reason to invalidate a reorganization just because it is effected to render the operations of an agency more efficient, even if only in response to alleged personnel problems. We note, as well, that the agency proffered other reasons for the reorganization, including the need to clarify the jurisdictional authority of the AJs over various classes of cases. Ogden's challenge to the reorganization, per se, is therefore to no avail.
 
 
 6
 Ogden's legal challenge to the RIF, which eliminated his job, is that the evidence proves that the RIF was taken for reasons personal to him. Ogden points to Judge Dolan's aborted attempt to remove him for cause, and to Judge Dolan's request to reinstate the GM-15 position not long after the RIF was effected. On this point, Ogden has some precedent in his favor, since it is settled law that the Board will review a non-frivolous allegation that an action effected under a RIF is actually an adverse action taken for reasons personal to the employee. Bonn v. Department of Navy, 49 M.S.P.R. 667, 670-71 (1991).
 
 
 7
 In Bonn, the Board was also faced with a situation in which the "agency had reasons, about the time of the reduction in force, for wanting to remove the appellant from his position." Bonn, 49 M.S.P.R. at 672. In determining that the RIF was not a disguise for direct adverse action against the employee, the Board noted that the decision to effect the reorganization that resulted in the challenged RIF was made by agency personnel who had no reason to remove Bonn from his position. Likewise, in this case, those responsible for effecting the reorganization were not personally dissatisfied with Ogden's performance. According to Ogden, it was Judge Dolan who was out to get him.
 
 
 8
 Even more importantly, the Board in Bonn relied on precedent of this court to conclude that the RIF was proper. In particular, our predecessor court held that absent bad faith or an "underhanded scheme" to get rid of a particular employee, an agency conducting a RIF may assess the qualifications of an employee in determining which position to abolish. See Gibson v. United States, 176 Ct.Cl. 102, 108-09 (1966). Following that precedent, the Board in this case assessed the record evidence to determine whether bad faith or an underhanded scheme existed to get rid of Ogden. The Board concluded that the record taken as a whole did not establish that the RIF was effected for impermissible reasons. The Board emphasized that the skills described for Ogden's GM-15 position were not required following his split of the AJ into two sections. The Board also credited the testimony of Judge Dolan, who stated that he was genuinely torn between seeking to effect a direct personnel action against Ogden (because of his view that Ogden was incompetent) and eliminating Ogden's job by a RIF (because there was no need for GM-15 skills in the reorganized structure). Judge Dolan admitted that shortly after the RIF, he sought to have the position reinstated. He explained that he had been inartful in describing the slot he wished to have created, because he had not wished to suggest that skills of the GM-15 level were required. Instead, in seeking an additional post-RIF position in his area, Judge Dolan wanted clerical administrative support staff, such as a GS-08 or GS-09 office manager, not a level 15 employee. Although it is clear that the Board gave Judge Dolan the benefit of the doubt in accepting his "genuinely torn" explanation, we cannot say that the Board erred in finding the testimony of Judge Dolan credible. See Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986) (explaining that the presiding official's credibility determinations are virtually unreviewable).
 
 III
 
 9
 We must affirm the decision of the Board unless it is arbitrary, capricious, an abuse of discretion, not authorized by law or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Because settled law permits an agency to assess the talents of an employee in deciding whether to eliminate his position, absent an underhanded scheme evidencing a bad faith effort to remove an employee, we must reject Ogden's challenge to this RIF because substantial evidence of record supports the Board's conclusion that the RIF was effected for legitimate reasons and not for reasons wrongly personal to Ogden.